# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REGINALD A. FALICE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-16-1204-HE |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## **REPORT AND RECOMMENDATION**

Petitioner, appearing pro se, is a federal prisoner currently incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma. Petitioner's claims arise out of his 2000 conviction and sentence in the United States District Court for the Western District of North Carolina. Although Petitioner identifies this conviction only as "Contract No. 3:98CR244," s*ee* Petition [Doc. No. 1], allegations made by Petitioner, including his reference to the name of the federal judge presiding over his criminal trial, and this Court's review and judicial notice of court dockets establish that he is in custody and currently serving the federal conviction and sentence entered in Case No. 3:98-cr-244-GCM, United States District Court for the Western District of North Carolina.[1] This matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Petitioner's action, construed as a second

---

[1] The court dockets are public records and, therefore, the Court is authorized to take judicial notice of the matters contained therein. *See, e.g., United States v. Bagby*, 696 F.3d 1074, 1083 n. 7 (10th Cir. 2012).

or successive motion brought pursuant to 28 U.S.C. § 2255, be dismissed for lack of jurisdiction.[2]

I. **Factual Background**

Petitioner is currently serving two concurrent terms of life imprisonment arising from his conviction in Case No. 3:98-cr-244-GCM, United States District Court for the Western District of North Carolina. Petitioner was convicted, after jury trial, of one count of interstate domestic violence resulting in bodily injury and death, in violation of 18 U.S.C. §§ 2261(a), 2261(b) and 2266, and one count of using or carrying a firearm during and in relation to murder, in violation of 18 U.S.C. §§ 924(c)(1), 924(j) and 1111. Petitioner's conviction was affirmed by the Fourth Circuit Court of Appeals on September 17, 2001. *See United States v. Falice*, 18 F. App'x 210 (4th Cir. 2001).

Petitioner has previously brought multiple § 2255 challenges to his conviction and sentence. *See Falice v. United States*, Case No. 3:14-cv-640-GCM, Order [Doc. No. 2] (W.D. N.C. Nov. 18, 2014) (identifying Petitioner's attempts to obtain relief from his judgment of conviction). Additionally, Petitioner has initiated multiple civil lawsuits raising challenges to his criminal prosecution. *See Falice v. United States*, Case No. 3:13-cv-629-FDW, Order [Doc. No. 14] (W.D. N.C. Dec. 11, 2013) (reciting Petitioner's litigation history). Indeed, filing restrictions have been imposed upon Petitioner in the United States District Court for the Western District of North Carolina. *See id*. Petitioner appears to capitalize on his temporary confinement at the Federal Transfer Center in Oklahoma City, located within the confines of this judicial district, as an

---

[2] *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action if the court determines "at any time that it lacks subject-matter jurisdiction").

2

opportunity to circumvent these filing restrictions and the circuit authorization requirements accompanying his successive § 2255 motion.

## II. <u>Analysis</u>

Notwithstanding Petitioner's creative casting of his claim for relief, the Court construes the Petition as a second or successive § 2255 challenge to his federal conviction.[3] He makes reference to his criminal case as a "federal contract" and challenges the validity of the contract. Specifically, he states:

> This missive is deposited to address several issues regarding Contract No. 3:98CR244. Foremost No. 3:98CR244, is not a 'bonafide' federal contract. No. 3:98CR244, is a private enterprise, arranged/orchestrated by Graham C. Mullen. Graham, masked himself as being a federal judge, cloaked with authority to construct such an arrangement.

*See* Petition at ECF p. 1. In the body of the Petition, Petitioner identifies not only the judge presiding over his criminal trial but also the attorneys participating in the trial – both for the prosecution and the defense – and claims that these persons acted without authority. He contends therefore, that "there is no Federal Contract No. 3:98CR244" and states: "[a] cease/desist order should execute to end/stop all contracts associated herewith." *See* Petition at ECF p. 4. Additionally he states "[a]ll events of 'human trafficking' must come to a halt." *See id*. Petitioner's request to "end" the contract essentially requests the Court to find his conviction is not valid.

---

[3] Petitioner has not invoked any federal statutory provision in support of his claims. The Clerk of Court has docketed Petitioner's filing as a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241. But for the reasons set forth, the Court finds the filing is properly construed as a § 2255 motion. The Court further notes that Petitioner has not paid a filing fee or submitted an in forma pauperis motion. To the extent the Petition is construed solely as a § 2255 motion, however, no filing fee is required.

3

Petitioner has made repeated and related claims in the judicial district of his conviction, the United States District Court for the Western District of North Carolina. As referenced above, the courts in that judicial district have rejected his claims. In doing so, the courts have noted the "bizarre" nature of Petitioner's allegations and found them to be "factually baseless." *See, e.g., Falice v. Graham*, Case No. CIV-01-455-V, Order [Doc. No. 2] (W.D.N.C. Aug. 24, 2001) at ECF p. 5 (stating that "the plaintiff's continued attempts to use broad brushes to paint an array of constitutional violations which he allegedly suffered at the hands of federal Judges, prosecutors, Court personnel, and now State government employees again has failed miserably" and concluding that the conclusory allegations of the Complaint "cannot be entertained by the Court") (*citing Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)) (additional citation omitted); *see also Falice v. United States*, No. CIV-13-629-FDW, Order [Doc. No. 14] (W.D. N.C. Dec. 11, 2013) at ECF p. 3 ("After reviewing Falice's complaint, this Court finds that he is simply presenting the substance of his nearly countless efforts to challenge his criminal prosecution and conviction, and it will be dismissed as it presents nothing short of frivolous and vexatious allegations that are clearly baseless.").

This Court similarly finds the current action to be frivolous and baseless. *See Neitzke*, 490 U.S. at 324 (a claim is legally frivolous where the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a claim is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly

incredible). Regardless of how Petitioner's claims might be construed, his action should be dismissed.[4]

### A. The Petition Should be Construed as a Second or Successive Motion Under 28 U.S.C. § 2255.

Petitioner's purported challenge to the validity of his conviction and sentence pursuant to 28 U.S.C. § 2255 must be brought in the United States District Court for the Western District of North Carolina. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (where a federal prisoner challenges the legality or validity of his conviction and sentence, his "exclusive remedy" is through a motion filed pursuant to 28 U.S.C. § 2255 and must be brought in the district that imposed the sentence); *see also Perez-Carrera v. Stancil*, 616 F. App'x 371 (10th Cir. 2015) (a defendant challenging his conviction and sentence under 28 U.S.C. § 2255 must do so in the circuit of his conviction).

As set forth, Petitioner has previously sought relief pursuant to § 2255 challenging the validity of his conviction and sentence. Thus, in order to proceed with a second or successive § 2255 motion, Petitioner must first obtain prior authorization from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated he has obtained such prior authorization and, therefore, the Petition should be dismissed for lack of jurisdiction. *See Stanko v. Davis*, 617 F.3d 1262, 1266 (10th Cir. 2010) (a district court lacks jurisdiction over a second or successive § 2255 motion absent

---

[4] Dismissal of Petitioner's claims as frivolous is proper pursuant to 28 U.S.C. § 1915A. *Compare Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (stating that pursuant to 28 U.S.C. § 1915A district court should have "immediately screened and dismissed" federal prisoner's legally frivolous claim to enforce a "satisfaction of judgment" and for release under a theory of immunity).

certification from the appropriate court of appeals). Moreover, because Petitioner's claims appear to be wholly frivolous, the Court finds a transfer to the circuit is not in the interests of justice. *See* 28 U.S.C. § 1631; *see also In re Cline*, 531 F.3d 1249, 1252-53 (10th Cir. 2008) (addressing circumstances where transfer of a second or successive § 2255 motion would be appropriate).[5]

### B. Because Any Other Claims Raised by Petitioner are Frivolous, the Court Recommends Dismissal of Those Claims.

The only conceivable claims Petitioner might raise, other than a successive § 2255 challenge to his conviction, include a claim for habeas relief under 28 U.S.C. § 2241, a claim challenging the conditions of his confinement under 28 U.S.C. § 1331 and/or *Bivens*,[6] or a claim for mandamus relief under 28 U.S.C. § 1361. Due to the

---

[5] A habeas petitioner may challenge his conviction and sentence under § 2241 in very limited circumstances under the exception provided by 28 U.S.C. § 2255(e) – the "savings clause." Section 2255(e) allows a federal prisoner to challenge the legality of his detention under § 2241 if he shows the remedy provided by § 2255 is "inadequate or ineffective." *Id.*; *see also Brace*, 634 F.3d at 1169. However, the petitioner bears the burden of proof and "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Prost v. Anderson*, 636 F.3d 578, 583-84 (10th Cir. 2011). The Tenth Circuit has identified the following as examples of inadequacy or ineffectiveness: (1) the original sentencing court has been abolished; (2) the sentencing court refuses to consider the § 2255 motion; or (3) a single sentencing court lacks the ability to "grant complete relief when sentences have been imposed by multiple courts." *Sines*, 609 F.3d at 1073.
   The allegations of the Petition fail to establish that any circumstances exist to support finding that the § 2255 remedy is inadequate or ineffective. Accordingly, the Court lacks jurisdiction over the matter and dismissal is required. *See Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013) ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test – thus, precluding him from proceeding under § 2241 – the court lacks statutory jurisdiction to hear his habeas claims.").

[6] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

frivolous nature of Petitioner's allegations, the Court recommends, in the alternative, dismissal of any such claims.

> 1. **The Allegations of the Petition Do Not Support a Claim for Habeas Relief Under Section 2241.**

"A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks and citation omitted); *see also Prost*, 636 F.3d at 581 (a § 2241 petition challenges "the *nature* of a prisoner's confinement, not the *fact* of his confinement"). Petitioner is presently confined within this judicial district and within the Tenth Circuit Court of Appeals.

But Petitioner alleges no facts to show that he is in challenging the execution of his sentence or the nature of his confinement. He does not, for instance, seek to challenge "certain matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration" of his custody. *Hale v. Fox*, 829 F.3d 1162, 1165 n. 2 (10th Cir. 2016) (internal quotation marks and citation omitted). Instead, he "attempts a frontal assault on his conviction." *Prost*, 636 F.3d at 581. Accordingly, Petitioner fails to establish a basis for habeas relief arising under § 2241.

> 2. **Petitioner Raises No Cognizable Conditions of Confinement Claim Under 28 U.S.C. § 1331 or *Bivens*.**

Petitioner challenges the validity of the "contract" at issue, which he identifies as his conviction and sentence. Therefore, the Court finds no cognizable claim challenging the conditions of his confinement under 28 U.S.C. § 1331 or *Bivens*. *See Palma-Salazar*

7

*v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (acknowledging distinction between habeas actions which attack the legality of a person's custody and civil rights actions which challenge only the conditions of confinement). Although Petitioner alleges that certain persons – including the judge and the lawyers presiding over his criminal trial – acted without authority, he does not appear to sue these individuals nor does he seek monetary or injunctive relief against them. For this reason, the Court finds no cognizable claim challenging the conditions of Petitioner's confinement.[7]

### 3. The Petition is Void of Allegations to Support Mandamus Relief Under 28 U.S.C. § 1361.

Finally, the Court finds the Petition is void of allegations that would support a plausible claim for mandamus relief pursuant to 28 U.S.C. § 1361. Section 1361 provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

---

[7] Even if Petitioner did bring a *Bivens* claim against these individuals, that claim would be subject to dismissal on numerous grounds. The claim – based on Petitioner's criminal trial in 1999 – would be untimely. *See, e.g, Gilyard v. Gibson*, 612 F. App'x 486, 487 (10th Cir. 2015) (recognizing two-year limitations period under Oklahoma law for *Bivens* actions. Moreover, recognized immunities would preclude suit against the judge and the prosecutors. *See, e.g., Peterson v. Timme*, 621 F. App'x 536, 542 (10th Cir. 2015) (addressing judicial immunity for *Bivens* claim seeking monetary damages and recognizing "colorable argument" that immunity extends to claim for injunctive relief); *Hawkins v. United States*, 465 F. App'x 808, 809 (10th Cir. 2012) (addressing both judicial and prosecutorial immunity). Additionally, any claim against the federal public defenders would fail because a federal public defender is not a federal officer for purposes of a *Bivens*-type action. *See Hawkins*, 465 F. App'x at 809; *see also Allred v. McCaughey*, 257 F. App'x 91, 92 (10th Cir. 2007). Finally, venue over any such claim would not be proper in this judicial district. *See* 28 U.S.C. § 1391(b); *see also Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (dismissal upon screening for improper venue is appropriate when the defense is obvious from the face of the complaint). Because a *Bivens* claim would be subject to the infirmities set forth and would be otherwise frivolous, a transfer of the action to another judicial district would not be in the interest of justice. *See* 28 U.S.C. § 1406(a).

8

thereof to perform a duty owed to the plaintiff." *Id*. To be eligible for mandamus relief, Petitioner must establish that: (1) he has a clear right to relief; (2) the respondent's duty to perform the act in question is plainly defined and peremptory; and (3) he has no other adequate remedy. *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). Only "exceptional circumstances" warrant "invocation of this extraordinary remedy." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1196 (10th Cir. 2009) (internal quotations marks and citation omitted).

Here, Petitioner's allegations are frivolous and fail to state a clear right to relief. His criminal conviction creates no contractual duties and/or interests. And, as discussed above, Petitioner has an adequate remedy through a § 2255 motion to challenge the validity of his conviction and sentence. The fact that he has unsuccessfully pursued that remedy does not render the remedy inadequate. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996) ("Failure to obtain relief under [§ ] 2255 does not establish that the remedy so provided is either inadequate or ineffective."); *see also Fay v. United States*, 389 F. App'x 802, 803 (10th Cir. 2010) ("Mandamus is not an end run to previously unsuccessful habeas applications.").

### III. Conclusion

In sum, this Court lacks jurisdiction over Petitioner's successive § 2255 motion challenging his conviction and sentence in Case No. 3:98-cr-244-GCM, United States District Court for the Western District of North Carolina. Therefore, the action should be dismissed without prejudice. Alternatively, the Court recommends dismissal of any other

claims for relief pursuant to 28 U.S.C. § 1915A on the ground that such claims are frivolous.[8]

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by November 15, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the Chief District Judge in this case and terminates the referral.

ENTERED this 25th day of October, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

[8] To the extent the Petition is construed as raising claims for relief other than pursuant to 28 U.S.C. § 2255, Petitioner should be required to submit the appropriate filing fee or an in forma pauperis application. *See* 28 U.S.C. §§ 1914 and 1915; LCvR 3.2 and 3.3. And, Petitioner is reminded that even if he were to submit an application and obtain leave to proceed in forma pauperis, he would remain obligated to pay the full filing fee.