# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REGINALD A. FALICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | NO. CIV-16-1204-HE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Reginald Falice brought this action challenging his 2000 conviction and sentence in the United States District Court for the Western District of North Carolina. This court referred the case to U.S. Magistrate Judge Bernard Jones for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) & (C). Following initial screening pursuant to 28 U.S.C. § 1915A, Judge Jones issued a report and recommendation [Doc. #4] recommending dismissal of the petition. The recommendation was based on, among other things, a determination that plaintiff's claims are, in substance, a motion for relief under 28 U.S.C. § 2255 and are therefore brought in the wrong court. Judge Jones also concluded that plaintiff's § 2255 motion was "second and successive" and filed without authorization from the appropriate court of appeals. Plaintiff has filed a response and objection to the report and recommendation, which triggers a *de novo* review by this court of any proposed findings or recommendations to which objection is made. 18 U.S.C. § 636(b)(1).

Having conducted the necessary *de novo* review, the court concludes the report and recommendation should be adopted insofar as it concludes plaintiff's claims are, in substance, a § 2255 motion and therefore filed in the wrong court. The allegations of the complaint are unclear, confusing, and somewhat bizarre, but the court concludes they are most plausibly construed as a challenge to the validity of his conviction and sentence. They are therefore appropriately viewed as a § 2255 motion and must be brought in "the court which imposed the sentence...." 18 U.S.C. § 2255(a); Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011). That is the Western District of North Carolina, not this court.

In light of this conclusion, it is unnecessary to consider the additional grounds for dismissal identified in the report.

The report and recommendation [Doc. #4] is therefore **ADOPTED** to the extent indicated and this case is **DISMISSED**.

**IT IS SO ORDERED**

Dated this 9th day of December, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE